Samuel J. Smith, SBN 242440
   Email:   samuel@sjscounsel.com
Adam B. Steinbaugh, SBN 304829
   Email:   adam@sjscounsel.com
**SJS COUNSEL, APC**
5757 Wilshire Boulevard, Penthouse 20
Los Angeles, California 90036
Telephone:     (310) 271-2800
Facsimile:     (310) 271-2818

Daniel L. Reback, SBN 239884
   Email:   dreback@kranesmith.com
Jeremy Smith, SBN 242430
   Email:   jsmith@kranesmith.com
Benjamin J. Smith, SBN 266712
   Email:   bsmith@kranesmith.com
**KRANE & SMITH, APC**
16255 Ventura Boulevard, Suite 600
Encino, California 91436
Telephone:     (818) 382-4000
Fax:             (818) 382-4001

Attorneys for Plaintiff CHRISTOPHER GORDON

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GORDON, an individual, <br><br>            Plaintiff, <br><br> v. <br><br> KOHL'S DEPARTMENT STORES, INC., a Delaware Corporation; and DOES 1 to 20, inclusive, <br><br>            Defendants. | Case No.   15-cv-8255 <br><br> **COMPLAINT FOR:** <br><br> 1. **TRADEMARK INFRINGEMENT** [15 U.S.C. §1114, *et seq.*]; <br> 2. **TRADEMARK INFRINGEMENT** [California law]; <br> 3. **TRADEMARK DILUTION** [15 U.S.C. §1125(c)]; <br> 4. **FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN** [15 U.S.C. §1125(a)]; <br> 5. **UNFAIR COMPETITION** [California law]; **and** <br> 6. **COPYRIGHT INFRINGEMENT** [17 U.S.C. §501]. <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff CHRISTOPHER GORDON ("Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief and remedy based on the following:

## **INTRODUCTION**

Plaintiff is a comedic narrator who, on January 18, 2011, published a video on YouTube that consisted of his original narration humorously describing the traits of a honey badger. The video went "viral" and has generated more than **_75 million_** views on YouTube. In the video, among Plaintiff's original expressions is the central theme: that the "HONEY BADGER DON'T CARE".

Plaintiff's original expressions have gained a tremendous amount of notoriety, and his expressions have been referred to in commercials, television shows, magazines, and throughout the internet, and by numerous celebrities. Plaintiff copyrighted his narration, and also trademarked "HONEY BADGER DON'T CARE" under four separate registration numbers for various classes of goods, including, _inter alia_, shirts, audio books, computer application software, and plush toys. Plaintiff has produced, advertised, licensed, and sold merchandise bearing his expression and mark of "HONEY BADGER DON'T CARE" since soon after the video was published, and he continues to sell and license merchandise bearing his expression and mark today.

1

Defendant KOHL'S DEPARTMENT STORES, INC. ("Defendant") is a national retail outlet with its principal place of business in Menomonee Falls, Wisconsin.  Defendant markets and sells, among other goods, trendy t-shirts. After Plaintiff released his Video and after Plaintiff began marketing and selling several products bearing the Marks, Defendant—without Plaintiff's authorization—began selling products invoking elements of Plaintiff's Video.

## JURISDICTION AND VENUE

1.    This is a civil action arising under the Trademark and Copyright Laws of the United States, 15 U.S.C. §1051, *et seq*., and 17 U.S.C. §101 *et seq*.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 and ancillary jurisdiction over the attendant claims.

2.    This Court has supplemental jurisdiction over the claims in this Complaint that arise under California law pursuant to 28 U.S.C. §1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).  Plaintiff resides in Los Angeles County, California, and, on information and belief, the infringing products which are the subject of this litigation have been distributed and offered for distribution in this District. Defendant has extensive

2

**COMPLAINT**

contacts with, and conduct business within, this District; has placed products into the stream of commerce in this District; and has caused tortious injury to Plaintiff in this District.

4.    The Central District of California has personal jurisdiction over the Defendant named in this action because Defendant is a corporation or other business entity authorized to do business in the State of California and registered with the California Secretary of State to do sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally avails itself of the California market through the ownership and operation of approximately 116 retail stores within the State of California, to render the exercise of jurisdiction by the California courts consistent with traditional notions of fair play and substantial justice.

## **PARTIES**

5.    Plaintiff is an individual residing in Los Angeles, California.

6.    Plaintiff is informed and believes and thereon alleges that Defendant KOHL'S DEPARTMENT STORES, INC. ("Defendant") is a corporation, organized under the laws of the state of Delaware, which is licensed by the California Secretary of State to conduct business in the State of California, and which does conduct substantial business on a regular and continuous basis in the

3

**COMPLAINT**

State of California.  Defendant's principal place of business is in Menomonee Falls, Wisconsin.

7.      Plaintiff is informed and believes, and thereon alleges, that Defendant authorized, directed, participated in, contributed to, ratified, and/or accepted the benefits of the wrongful acts as alleged herein.

8.      The true names and capacities, whether individual, corporate, associate or otherwise of defendants Doe 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said defendants by such fictitious names.  Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named defendants is responsible in some manner for the events, acts, occurrences and liabilities alleged and referred to herein.  Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of these Doe defendants when the same are ascertained.

## SUBSTANTIVE ALLEGATIONS

### *Plaintiff and His Video, Copyright, and Trademark*

9.      Plaintiff is a comedian, narrator, writer, and actor, and is commonly known by his alias, "Randall."

10.     On January 18, 2011, Plaintiff published a video (the "Video") on YouTube that consisted of his original narration humorously describing the traits of

4

**COMPLAINT**

a honey badger.[1]  The Video, entitled "*The Crazy Nastyass Honey Badger (original narration by Randall)"*, became an instant hit.  The Video went "viral" and is one of the most popular videos ever uploaded to YouTube.  To date, the Video has generated more than **75 million** views.  The Video and subsequent phenomenon have been covered by internet blogs such as the *Huffington Post* (which proclaimed "Honey Badger Don't Care [as] the best nature video of all time") as well as by entertainment and news outlets from *Forbes* to the *New York Observer* to *TMZ*.

11.    In the Video, among Plaintiff's original expressions and jokes is the central theme that the "HONEY BADGER DON'T CARE!"  Plaintiff's original expression (and others contained in the Video) have gained a tremendous amount of notoriety, and his expressions have been referred to in commercials, television shows, magazines, and throughout the internet.

12.    Plaintiff copyrighted his narration in the Video.   The copyright registration number is PA 1-750-515, the effective date of registration is June 15, 2011, and the title is HONEY BADGER DON'T CARE.  Attached hereto as **Exhibit A** is a true and correct copy of the certificate of Copyright Registration.

13.    Plaintiff is also the owner of the trademark HONEY BADGER DON'T CARE (the "Mark").  Plaintiff registered the Mark with the United States Patent

---

[1] The Video can be viewed at http://bit.do/honeybadger, which forwards to the appropriate YouTube URL.

**COMPLAINT**

and Trademark Office for various classes of goods under the following Registration

Numbers:  4,505,781; 4,419,079; 4,419,081; and 4,281,472.  Attached hereto as

**Exhibit B** are true and correct copies of the Trademark Registrations.

14.    After the Video was published, Plaintiff produced and sold goods,

including, *inter alia*, t-shirts, sweatshirts, bumper stickers, hats, mugs, pillows, and

plush dolls, that displayed his Mark.  Plaintiff continues to sell a wide variety of

merchandise under the trademark HONEY BADGER DON'T CARE.  Plaintiff has

also established common law trademark rights with respect to other phrases in the

Video.

15.    Plaintiff primarily advertised the goods bearing his Mark on the

internet.  Sales of Plaintiff's goods bearing his Mark have been substantial, with a

majority of the sales occurring via the internet.

16.    The Mark is instantly recognizable as being associated with Plaintiff.

The Mark appeared in Plaintiff's Video, and has since been displayed on numerous

advertisements and goods that Plaintiff promotes.  Plaintiff even authored a book

entitled "*Honey Badger Don't Care:  Randall's Guide to Crazy Nastyass Animals*"

and launched a mobile "app" entitled "*The Honey Badger Don't Care.*"

17.    Plaintiff has expended a significant amount of time and effort in

making his Mark well-known to the public.  Plaintiff has promoted his Mark by,

6

**COMPLAINT**

*inter alia*, advertising it in connection with his products, making guest appearances in media outlets, and publicizing the Mark through social media platforms.

18.   As a result of the foregoing, including, but not limited to, the extensive advertisements, promotions, sales, and enormous popularity of the Mark, the public has come to exclusively identify the Mark with Plaintiff.  Among other things, Plaintiff, his expression, joke and/or his Mark have appeared or been alluded to in a Wonderful Pistachios commercial during *Dancing with the Stars*, in an episode of the popular television show *America's Got Talent*, in an episode of the hit television series *Glee* by the show's famous cheerleading coach Sue Sylvester (Jane Lynch), in a *Vogue* profile of celebrity recording artist Taylor Swift, and on the *Howard Stern* radio show (Baba Booey).  Plaintiff's expression, joke, and Mark are famous and distinctive under applicable law, including within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

### *Defendant's Unlawful Activities and Willful Infringement*

19.   Defendant Kohl's Department Stores, Inc. is a competitor of Plaintiff, as it also produces and sells humorous goods.  Defendant owns and operates approximately 116 Kohl's stores throughout the state of California.

20.   On information and belief, and on that basis Plaintiff alleges that, Defendant produces and sells t-shirts that bear, *inter alia*, Plaintiff's Mark and jokes

7

**COMPLAINT**

and expressions that were copied verbatim from Plaintiff's Video. On information and belief, and on that basis Plaintiff further alleges that, Defendant produced and sold these goods throughout the United States, including California.

21.   By way of example, Defendant sold the following t-shirt:



22.   Defendant produced and sold infringing merchandise in various forms, sizes, and colors, generating substantial revenue in the process.

23.   Defendant's merchandise was designed to capitalize on Plaintiff's Mark, trample upon his intellectual property rights, and cause customer confusion.

24.   Defendant's intentional and deceitful acts of unfair competition and use of the Mark and derivations thereof have caused confusion, and are likely to do so in the future, and have caused mistake and deception as to the affiliation or association of the Defendant with Plaintiff, and as to the origin, sponsorship, or approval of the Defendant's goods by Plaintiff.  Plaintiff has neither authorized nor

**COMPLAINT**

consented to the use by Defendant of the Mark, any colorable imitation of it, or any mark confusingly similar to it.

25.     Plaintiff is informed and believes, and thereon alleges, that Defendant's purpose in utilizing the Mark is an attempt to benefit unfairly from the valuable goodwill and extreme popularity of the Mark, which was established at great expense and effort by Plaintiff.

## FIRST CLAIM
### (Trademark Infringement under 15 U.S.C. §1114 *et seq.* against Defendants)

26.     Plaintiff repeats, repleads, and realleges the allegations contained in Paragraphs 1 through 25, as though fully set forth herein.

27.     The aforesaid acts of Defendant constitute infringement of the Marks under 15 U.S.C. §1114 *et seq.*

28.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his trademark, reputation, and goodwill.  Defendant will continue to use the Marks and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant and its officers, agents, employees, and all persons acting in concert with them, from engaging in further acts of infringement.

9

**COMPLAINT**

29.     Plaintiff is further entitled to recover from Defendant the actual damages that he sustained and/or is likely to sustain as a result of Defendant's wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has sustained and/or is likely to sustain by reason of Defendant's acts of trademark infringement.

30.     Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of trademark infringement.

31.     Because of the willful nature of the wrongful acts of Defendant, Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118, including, but not limited to, an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

32.     Plaintiff is also entitled to recover his attorney's fees and costs of suit pursuant to 15 U.S.C. §1117.

//

//

//

//

10

**COMPLAINT**

## SECOND CLAIM
**(Trademark Infringement under California *Business & Professions Code*
§14245 *et seq.* and California Common Law against Defendants)**

33.     Plaintiff repeats, and realleges the allegations contained in Paragraphs
1 through 32, as though fully set forth herein.

34.     Defendant's use of the Mark without Plaintiff's consent constitutes
trademark infringement and unfair competition in violation of California common
law in that, among other things, such use is likely to cause confusion, deception,
and mistake among the consuming public as to the source, approval or sponsorship
of the goods offered by Defendant.

35.     The acts and conduct of Defendant complained of herein constitute
trademark infringement and unfair competition in violation of the statutory law of
California, including California *Business and Professions Code* sections 14245 *et
seq.*, in that, among other things, Defendant's acts and conduct are likely to cause
confusion, deception, and mistake among the consuming public as to the source,
approval or sponsorship of the goods offered by Defendant.  Defendant's acts are
designed to trade upon Plaintiff's reputation and goodwill by causing confusion and
mistake among consumers and the public.  Plaintiff is entitled to preliminary and
permanent injunctions restraining and enjoining Defendant and its officers, agents,
affiliates, vendors, partners and employees, and all persons acting in concert with

11

**COMPLAINT**

Defendant, from using in commerce Plaintiff's federally registered Mark and his common law rights in the Mark.

36.     As a direct and proximate result of Defendant's willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial. Plaintiff is entitled to all remedies provided by California *Business and Professions Code* sections 14247 *et seq*., including injunctive relief and recovery of three times Defendant's profits and damages suffered by reason of their wrongful conduct. Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of punitive damages.

## THIRD CLAIM
### (Trademark Dilution under 15 U.S.C. §1125(c) against Defendants)

37.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 36, above, as though fully set forth herein.

38.     Plaintiff has used his Mark to identify his products before Defendant began using the Mark without his permission.

39.     The Mark is inherently distinctive and has acquired distinction through Plaintiff's extensive, continuous, and exclusive use of the Mark.  The Mark is famous and distinctive within the meaning of 15 U.S.C. §§1125(c)(1) and 1127.

**COMPLAINT**

40.   Defendant's use of the Mark is likely to dilute the distinctive quality of the Mark in violation of 15 U.S.C. §1125(c).

41.   As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and/or is likely to suffer damage to his trademarks, reputation, and goodwill.  Defendant will continue to use the Mark and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its officers, agents, and employees, and all persons acting in concert with them, from engaging in further acts of trademark dilution.

42.   Plaintiff is entitled to recover from Defendant the actual damages that he sustained and/or is likely to sustain as a result of Defendant's wrongful acts. Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has sustained and/or is likely to sustain by reason of Defendant's acts of trademark dilution.

43.   Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of its wrongful acts.  Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of trademark dilution.

44.   Because of the willful nature of the wrongful acts of Defendant, Plaintiff is entitled to all remedies available under 15 U.S.C. §§1117 and 1118,

**COMPLAINT**

including an award of treble damages and increased profits pursuant to 15 U.S.C. §1117.

45.     Plaintiff is also entitled to recover his attorney's fees and costs of suit pursuant to 15 U.S.C. §1117.

### FOURTH CLAIM
**(Federal Unfair Competition and False Designation of Origin
in Violation of 15 U.S.C. §1125(a) against Defendants)**

46.     Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 45, as though fully set forth herein.

47.     Defendant's acts as alleged above constitute unfair competition and a false designation of origin which have caused confusion, mistake, deception as to the affiliation, connection or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's goods, services and/or activities by Plaintiff and are likely to do so in the future, in violation of the Lanham Act, 15 U.S.C. §1125(a).

48.     As a direct and proximate result of Defendant's wrongful acts, Plaintiff has suffered and continues to suffer and is likely to suffer damage to his reputation, goodwill, and to the Mark.  Defendant will continue the activities alleged herein and will cause irreparable damage to Plaintiff.  Plaintiff has no adequate remedy at law and is entitled to an injunction restraining Defendant, its officers, agents,

**COMPLAINT**

affiliates, vendors, partners and employees, and all persons acting in concert with Defendant, from engaging in further acts of unfair competition, deceitful acts using the Mark, and false designation of origin and false affiliation and association.

49.    Plaintiff is further entitled to recover from Defendant the actual damages that he sustained and/or is likely to sustain as a result of Defendant's wrongful and devious acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages that he has suffered and/or is likely to sustain by reason of Defendant's acts of unfair competition and false designation of origin and false affiliation and association.

50.    Plaintiff is further entitled to recover from Defendant the gains, profits, and advantages it has obtained as a result of its wrongful and malicious acts. Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of unfair competition and false designation of origin and false affiliation and association.

51.    Because is further entitled to recover from Defendant the gains, profits, and advantages it has obtained as a result of its wrongful and malicious acts. Plaintiff is presently unable to ascertain the extent of the gains, profits, and advantages that Defendant has realized by reason of its acts of unfair competition and false designation of origin and false affiliation and association.

**COMPLAINT**

52.     Plaintiff is also entitled to recover his attorney's fees and costs of suit pursuant to 15 U.S.C. §1117.

**FIFTH CLAIM**
**(Unfair Competition against Defendants)**

53.     Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 52, as though fully set forth herein.

54.     Defendant's acts constitute unfair competition under the statutory law of California, including California Business and Professions Code section 17200, *et seq*., and under the common law of the State of California.

55.     The acts and conduct of Defendant complained of herein have caused Plaintiff irreparable injury, and will, unless retrained, further impair the value of his Mark, intellectual property rights, reputation, and goodwill.   Plaintiff has no adequate remedy at law.

56.     Plaintiff is informed and believes that Defendant has unlawfully obtained profits through its acts of unfair competition.  Defendant should be forced to disgorge such unlawful profits to Plaintiff.

57.     Plaintiff is further entitled to recover from Defendant his actual damages sustained as a result of Defendant's wrongful acts.  Plaintiff is presently unable to ascertain the full extent of the monetary damages he has suffered by reason of Defendant's acts of unfair competition.

16

58.     Because of the willful nature of Defendant's wrongful acts, Plaintiff is entitled to an award of punitive damages.

## SIXTH CLAIM
### (Copyright Infringement against Defendants)

59.     Plaintiff repeats, repleads and realleges the allegations contained in Paragraphs 1 through 58, as though fully set forth herein.

60.     Defendant had access to the Video, through, *inter alia*, YouTube.

61.     Defendant manufactured, produced, sold and/or marketed merchandise that copies verbatim Plaintiff's jokes and expressions from his Video, such as his joke and expression that the "Honey Badger Don't Care," and derivations thereof.   Defendant's uses of Plaintiff's jokes and expressions are substantially similar to Plaintiff's use in the Video.  In fact, Defendant's use is an exact copy verbatim of Plaintiff's jokes and expressions contained in his copyrighted Video.   Moreover, Defendant unlawfully advertised its infringing products by promoting them with expressions that originate from Plaintiff's Video.

62.     Defendant infringed Plaintiff's copyright by manufacturing, producing, advertising, and selling merchandise that prominently displayed Plaintiff's jokes and expressions that he used in his copyrighted Video.  Defendant sold its infringing merchandise on the internet through at least Amazon.com and

**COMPLAINT**

Etsy.com.   Defendant's conduct violated Plaintiff's exclusive right in his expressions and jokes contained in his Video.

63.     Plaintiff is informed and believes that Defendant knowingly induced, participated in, aided and abetted in, and profited from the illegal copying and/or subsequent sales of the infringing merchandise featuring Plaintiff's expressions and jokes from the Video.

64.     Plaintiff is informed and believes that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.  As such, Defendants, and each of them, are liable for vicarious and/or contributory copyright infringement under 17 U.S.C. §101.

65.     Due to Defendant's acts of infringement, Plaintiff has suffered substantial damage to his business in an amount to be established at trial.

66.     Due to Defendant's acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

67.     Due to Defendant's acts of copyright infringement, Defendant has obtained direct and indirect profits it would not otherwise have realized but for its infringement.  As such, Plaintiff is entitled to disgorgement of Defendant's profits

**COMPLAINT**

directly and indirectly attributable to Defendant's infringement of Plaintiff's jokes and expressions used in his Video in an amount to be established at trial.

68.   Plaintiff is informed and believes that Defendant infringed Plaintiff's copyright with knowledge that he owned the exclusive rights in his expressions and jokes as contained in the Video and/or that Defendant was reckless in committing the infringement alleged herein.  Defendant's acts of copyright infringement were willful, intentional and malicious, subjecting Defendant to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement and/or Defendant is precluded from deducting certain overhead expenses when calculating profits for disgorgement.

## **PRAYER**

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

1.   That Defendant has (*i*) infringed the Mark under 15 U.S.C. §1114 *et seq.*; (*ii*) infringed the Mark under California law; (*iii*) violated 15 U.S.C. §1125(c); (*iv*) violated 15 U.S.C. §1125(a); (*v*) engaged in unfair competition and violated California *Business and Professions Code* section 17200 *et seq.*; and (*vi*) infringed Plaintiff's rights in his federally registered copyright under 17 U.S.C. §501.

2.   That each of the above acts were willful.

**COMPLAINT**

3.      That Plaintiff be awarded (*i*) all profits of Defendant, (*ii*) all of his damages, (*iii*) statutory damages available under the law including 15 U.S.C. §1117 and 17 U.S.C. §504, if elected, (*iv*) treble damages, (*v*) punitive damages, (*vi*) disgorgement and restitution of all benefits received by Defendants arising from their infringement as provided by law, and/or (*vii*) enhanced damages for Defendant's willful infringement as provided in 15 U.S.C. §1117 and 17 U.S.C. §504, the sum of which will be proven at the time of trial.

4.      That Defendant, its officers, agents, servants, affiliates, partners, vendors, employees and attorneys, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from:

a.      Using Plaintiff's expression and mark "HONEY BADGER DON'T CARE" or any colorable imitation thereof, or any other expression or mark likely to cause confusion, mistake, or deception, in connection with the sale, offering for sale, distribution, manufacturing, advertising, or promotion of their goods or services;

b.      Using any false designation of origin or false description that can, or is likely to, lead the public to believe that any product manufactured, distributed, sold, offered for sale, or advertised by Defendant are in any manner associated or connected with

20

**COMPLAINT**

Plaintiff is sold, manufactured, licensed, sponsored, or approved or authorized by Plaintiff;

**c.** Engaging in any other activity constituting an infringement of Plaintiff's trademark and copyright rights or otherwise unfairly competing with Plaintiff; *and*

**d.** Engaging in any other activity that dilutes the distinctive quality of the Mark by, among other things, using the Mark in connection with the sale, offering for sale, distribution, manufacturing, advertising, or promotion of its goods.

5. That Defendant be directed to deliver up to Plaintiff all products bearing the Mark, any copy, simulation, variation or colorable imitations of the Mark, and any documents or tangible things that discuss, describe, mention or relate to such products.

6. That Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the requirements of the injunction.

7. That Defendant be required to pay to Plaintiff all of his costs, disbursements, and attorney's fees in this action.

8. For prejudgment interest.

**COMPLAINT**

9.     For postjudgment interest.

10.    For such other relief as the Court deems proper.

DATED:  October 21, 2015        SJS COUNSEL, APC

By:/s/ *Samuel J. Smith*
        Samuel J. Smith
Attorneys for Plaintiff
CHRISTOPHER GORDON

22

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff CHRISTOPHER GORDON hereby demands a trial by jury.

DATED:  October 21, 2015                    SJS COUNSEL, APC


By:/s/ *Samuel J. Smith*
           Samuel J. Smith
Attorneys for Plaintiff
CHRISTOPHER GORDON

23

**DEMAND FOR JURY TRIAL**